UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GENE DIPROJETTO,


                                        Plaintiff,

                                                            DECISION AND ORDER

                                                            06-CV-6180L


                    v.


MORRIS PROTECTIVE SERVICE,
PERRY WHEELER, Director of Operations,


                                        Defendants.
_____

## PROCEDURAL HISTORY

Plaintiff Gene DiProjetto ("plaintiff") commenced this action, *pro se,* against Morris

Protective Service ("defendant") alleging race, gender and national origin discrimination in violation

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and disability discrimination

in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112-12117.  Plaintiff, an

Italian-American, alleges in his complaint that he worked at all relevant times for Monroe County.

Defendant provides security services at various County buildings, including at the Health and Human

Services Building located at 111 Westfall Road.

Plaintiff alleges that defendant discriminated against him by denying him access to or

limiting his access to the premises at 111 Westfall Road.  Plaintiff's complaint is not entirely clear,

but it appears that he either worked at 111 Westfall Road or met with his union representative there

on work-related matters.  Plaintiff claims that he was involved in several incidents during the summer of 2005 with security guards employed by defendant.  After one such incident, plaintiff was suspended from employment by the County for three days.  After several meetings with union representatives and County managers, the County dropped the disciplinary charges and "gave him back" the three days of suspension.

Before the Court is defendant's motion to dismiss, brought pursuant to FED. R. CIV. R. 12(b)(1) and 12(b)(6).  For the reasons that follow, defendant's motion is granted, and the complaint is dismissed.

## DISCUSSION

Defendant moves to dismiss plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction and FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  In the context of a Rule 12(b)(1) motion, plaintiff has the burden of establishing the existence of subject matter jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).  The Court must accept as true all material factual allegations in the complaint, and can consider evidence outside the pleadings.  *See Makarova*, 201 F.3d at 113.

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted, the Court should grant the motion only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  In ruling on such a motion, the Court must read the

plaintiff's complaint generously, drawing all reasonable inferences from the complaint's allegations, *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.1993), and accepting "the material facts alleged in the complaint as true." *Frasier v. Gen. Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir.1991).

Where the plaintiff is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999) (quotations omitted).  Nevertheless, the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended." *Stinson v. Sheriff's Dep't of Sullivan County*, 499 F.Supp. 259, 262 (S.D.N.Y.1980).

I agree with defendant that plaintiff's discrimination claims based on race, gender and disability must be dismissed for failure to exhaust administrative remedies.  Plaintiff filed a charge of discrimination with the State Division of Human Rights on October 14, 2005, in which he alleged national origin discrimination only.  Plaintiff's charge was also filed with the Equal Employment Opportunity Commission ("EEOC").

The State Division determined after an investigation and review of evidence from both parties that there was no probable cause to believe that defendant engaged in unlawful discrimination.  The State Division also concluded that there was no evidence that plaintiff was employed by defendant.  It also found that there was insufficient evidence that defendant discriminated against plaintiff because he is Italian-American or that he was denied access to 111 Westfall Road based on his national origin/ancestry.  *See* State Division Determination and Order, attached to Dkt. #1.  On March 27, 2006, the EEOC adopted the findings of the State Division and

issued plaintiff a right-to-sue letter.  Plaintiff thereafter commenced this action alleging not only national origin discrimination, but also race, gender and disability discrimination.

In general, a plaintiff may bring an employment discrimination action under Title VII or the ADA only after filing a timely charge with the EEOC or with "a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e); *see also* 42 U.S.C. § 12117(a). Although "[e]xhaustion is ordinarily 'an essential element'" of a Title VII or ADA claim, the Second Circuit has held that "[c]laims not raised in an [administrative] complaint ... may be brought in federal court if they are 'reasonably related' to the claim filed with the agency." *Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir.2006) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir.2001), and *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993)).

"A claim raised for the first time in the district court is 'reasonably related' to allegations in an EEOC charge 'where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 83 (2d Cir.2001) (quoting *Butts*, 990 F.2d at 1402).[1]  This exception to the exhaustion requirement "'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff

---

[1] Two other types of "reasonably related" claims – claims alleging retaliation by an employer against an employee for having filed an EEOC charge, and claims in which the plaintiff alleges further incidents of discrimination occurring after the filing of the EEOC charge, but "carried out in precisely the same manner alleged in the EEOC charge," *Butts*, 990 F.2d at 1402-03, are clearly not present here, since all of the conduct complained of occurred before plaintiff filed his administrative charge with the State Division of Human Rights.

claims she is suffering.'" *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (quoting *Butts*, 990 F.2d at 1402). "The central question is whether the complaint filed with the EEOC gave that agency 'adequate notice to investigate discrimination [of the type alleged in the civil complaint].'" *Williams*, 458 F.3d at 70 (quoting *Deravin*, 335 F.3d at 202).

I find that plaintiff's race, gender and disability discrimination claims must be dismissed for failure to exhaust administrative remedies. Plaintiff did not allege these claims in his administrative complaint. There is nothing in the record to suggest that the State Division or EEOC would have been put on notice of these claims. Accordingly, these claims are dismissed. *Wilson v. Family Dollar Stores*, No. 06-CV-639, 2007 WL 952066 (E.D.N.Y. Mar. 29, 2007) ("there is nothing in the record that suggests that the EEOC could reasonably have been expected to investigate claims of race, color and religious discrimination based on [plaintiff's] administrative complaint."); *Joseph v. Am. Works, Inc.*, 01 Civ. 8287, 2002 WL 1033833 at *5-6 (S.D.N.Y. May 21, 2002) (ADA claim dismissed for failure to exhaust administrative remedies where plaintiff asserted only Title VII claims in her EEOC complaint); *Coleman v. Bd. of Educ.*, No. 96 CIV. 4293, 2002 WL 63555 (S.D.N.Y. Jan. 16, 2002) (gender discrimination claim not reasonably related to national origin, race, or color discrimination claims); *McNealy v. New York Public Library*, No. 96-CV-3023, 1997 WL 607548, at *4 (S.D.N.Y. Oct.1, 1997) (ADA claim not "reasonably related" to race discrimination claim raised in EEOC charge).

Moreover, there are no factual allegations in plaintiff's complaint stating that defendant's conduct was based on plaintiff's race, gender or alleged disability. Instead, on the *pro se* form complaint for employment discrimination cases, plaintiff put a checkmark next to "Title VII" and

the "ADA" when asked pursuant to which statute the action was brought. (Dkt. #1, p.1). However, elsewhere in the complaint, when asked on what basis defendant discriminated against him, plaintiff placed a checkmark next to "race," "sex," and "national origin," but did not place a checkmark next to "disability." (Dkt. #1, p.4). In addition, the narrative section of plaintiff's complaint fails to allege facts upon which it could be inferred that plaintiff's race, gender, or a disability played any role in defendant's actions *vis-a-vis* plaintiff. Plaintiff does not even assert that he suffered from a disability. For this additional reason, plaintiff's race, gender and disability discrimination claims are dismissed pursuant to Rule 12(b)(6).

As to plaintiff's remaining claim, based on national origin discrimination, dismissal under Rule 12(b)(6) is also warranted. To prevail on a Title VII claim, plaintiff must show that an employment relationship existed. *Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir.2000) (Title VII covers only employees); *see also Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492 (7th Cir.1996) ("The simple fact that the plaintiffs were not employees, that they could not demonstrate the existence of an employment relationship, rendered them without the ambit of Title VII protection and precluded them from bringing discrimination actions alleging violations of the Act.").

Plaintiff, however, has not alleged that defendant was his employer. Rather, plaintiff alleges that he was an employee of the *County*, a nonparty. Plaintiff claims that defendant's actions, not those of the County, caused him to suffer adverse employment action. These allegations are insufficient to state a claim under Title VII. Dismissal of plaintiff's complaint, therefore, is

warranted because "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon*, 467 U.S. at 73.

On May 7, 2007, plaintiff filed what he purports is an "amended complaint."  In it, he claims that Mr. Perry Wheeler, the Director of Operations with the Department of Human Services, violated plaintiff's rights by not informing security guards employed by defendant that plaintiff was permitted on the premises at 111 Westfall Road.  (Dkt. #11).  Plaintiff claims that, after the instant action was filed, he continued to have trouble accessing 111 Westfall Road.  Plaintiff does not state on what legal basis he is proceeding against Wheeler, and the Court cannot construe any possible basis from plaintiff's allegations. Consequently, plaintiff's amended complaint against Wheeler is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) as frivolous and for failure to state a claim.

## CONCLUSION

Defendant's motion to dismiss (Dkt. #7) is granted.  Plaintiff's complaint against defendant Morris Protective Service (Dkt. #1) is dismissed with prejudice.

Plaintiff's amended complaint against Perry Wheeler (Dkt. #11) is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
          June 13, 2007.